UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CITY OF SAN JOSE, CALIFORNIA, ET AL., | ) | C-20-05167 LHK |
| | ) | C-20-05169 LHK |
| PLAINTIFFS, | ) | SAN JOSE, CALIFORNIA |
| VS. | ) | AUGUST 18, 2020 |
| DONALD J. TRUMP, ET AL., | ) | PAGES 1-45 |
| DEFENDANTS. | ) | |
| STATE OF CALIFORNIA, ET AL., | ) | |
| PLAINTIFFS, | ) | |
| VS. | ) | |
| DONALD J. TRUMP, ET AL., | ) | |
| DEFENDANTS. | ) | |

TRANSCRIPT OF ZOOM PROCEEDINGS
BEFORE THE HONORABLE LUCY H. KOH
UNITED STATES DISTRICT JUDGE

APPEARANCES ON NEXT PAGE

OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

A P P E A R A N C E S:

| | |
|---|---|
| FOR PLAINTIFF CITY OF SAN JOSE: | LATHAM & WATKINS<br>BY: RICHARD P. BRESS<br>555 ELEVENTH STREET, N.W., SUITE 1000<br>WASHINGTON, D.C. 20004<br><br>BY: SADIK H. HUSENY<br>AMIT MAKKER<br>STEVEN M. BAUER<br>SHANNON D. LANKENAU<br>505 MONTGOMERY STREET, SUITE 2000<br>SAN FRANCISCO, CALIFORNIA 94111<br><br>LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br>BY: EZRA D. ROSENBERG<br>1500 K STREET, N.W., SUITE 900<br>WASHINGTON, D.C. 20005 |
| FOR PLAINTIFF STATE OF CALIFORNIA: | OFFICE OF THE ATTORNEY GENERAL<br>BY: R. MATTHEW WISE<br>GABRIELLE D. BOUTIN<br>1300 I STREET, SUITE 125<br>SACRAMENTO, CALIFORNIA 95814 |
| FOR PLAINTIFF LOS ANGELES UNIFIED SCHOOL DISTRICT: | DANNIS WOLIVER KELLEY<br>BY: KEITH A. YEOMANS<br>115 PINE AVENUE, SUITE 500<br>LONG BEACH, CALIFORNIA 90802 |
| FOR THE DEFENDANTS: | U.S. DEPARTMENT OF JUSTICE<br>CIVIL DIVISION, FEDERAL PROGRAMS BRANCH<br>BY: BRAD P. ROSENBERG<br>DANIEL D. MAULER<br>1100 L STREET N.W.,<br>WASHINGTON, D.C. 20005 |
| ALSO PRESENT: | MARIA BEE |

SAN JOSE, CALIFORNIA AUGUST 18, 2020

P R O C E E D I N G S

(ZOOM PROCEEDINGS CONVENED AT 10:37 A.M.)

THE CLERK: MAY I CALL THE CASE, YOUR HONOR?

THE COURT: YES, PLEASE. THANK YOU.

THE CLERK: CALLING CASE 20-5167, CITY OF SAN JOSE, CALIFORNIA, ET AL., VERSUS TRUMP, ET AL., AND CASE 20-5169, STATE OF CALIFORNIA, ET AL., VERSUS TRUMP, ET AL.

COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE RECORD, STARTING WITH COUNSEL FOR THE PLAINTIFF. THANK YOU.

MR. BRESS: YOUR HONOR, I AM RICHARD BRESS. I'M COUNSEL FOR THE SAN JOSE PLAINTIFFS.

MR. HUSENY: GOOD MORNING, YOUR HONOR.

SADIK HUSENY, LATHAM & WATKINS, ALSO COUNSEL FOR THE SAN JOSE PLAINTIFFS.

MR. MAKKER: AMIT MAKKER, LATHAM & WATKINS, ALSO FOR THE SAN JOSE PLAINTIFFS.

MR. BAUER: GOOD MORNING, YOUR HONOR.

STEVE BAUER FROM LATHAM & WATKINS FOR THE SAME GROUP.

MS. LANKENAU: GOOD MORNING, YOUR HONOR.

SHANNON LANKENAU, LATHAM & WATKINS, ALSO FOR THE PLAINTIFFS.

MR. WISE: GOOD MORNING.

MATTHEW WISE, DEPUTY ATTORNEY GENERAL, FOR THE CALIFORNIA PLAINTIFFS.

MS. BOUTIN: GOOD MORNING, YOUR HONOR.

GABRIELLE BOUTIN ON BEHALF OF THE CALIFORNIA PLAINTIFFS.

MR. YEOMANS: GOOD MORNING, YOUR HONOR.

KEITH YEOMANS APPEARING ON BEHALF OF LOS ANGELES UNIFIED SCHOOL DISTRICT.

MS. BEE: GOOD MORNING, YOUR HONOR.

MARIA BEE FOR THE CITY OF OAKLAND.

THE CLERK: OKAY. COUNSEL FOR DEFENDANTS.

MR. ROSENBERG: GOOD MORNING, YOUR HONOR.

THIS IS BRAD ROSENBERG FROM THE DEPARTMENT OF JUSTICE'S CIVIL DIVISION'S FEDERAL PROGRAMS BRANCH ON BEHALF OF THE EXECUTIVE BRANCH DEFENDANTS.

THE COURT: OKAY. GOOD MORNING. WELCOME TO EVERYONE.

HAS EVERYONE STATED THEIR APPEARANCE?

MR. MAULER: YOUR HONOR, NOT YET. GOOD MORNING.

THIS IS DAN MAULER WITH THE U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION, FEDERAL PROGRAMS BRANCH, ALSO ON BEHALF OF THE FEDERAL DEFENDANTS.

THE COURT: SORRY ABOUT THAT.

MR. MAULER: NO PROBLEM.

THE COURT: ALL RIGHT. GOOD MORNING AND WELCOME.

WE DID GET ALL THE APPEARANCES. IS THAT RIGHT, MS. DIBBLE?

THE CLERK: YES, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

ALL RIGHT. THANK YOU VERY MUCH.

SO LET ME ASK, WHICH CLAIMS WILL BE THE SUBJECT OF THE IMPENDING PARTIAL MOTION FOR SUMMARY JUDGMENT? AND PERHAPS WE SHOULD ASK THE SAN JOSE PLAINTIFFS FIRST.

NOW, OBVIOUSLY THERE ARE MANY MORE PLAINTIFFS THAN JUST SAN JOSE, BUT IF IT'S OKAY BY YOU, I'M GOING TO CALL THAT, THAT CASE THE SAN JOSE PLAINTIFFS JUST TO SHORTHAND IT FOR PURPOSES OF TODAY.

WHICH CAUSES OF ACTION -- BECAUSE I UNDERSTAND YOU DID AMEND YOUR COMPLAINT THIS MORNING -- WHICH ONES WILL YOU BE MOVING ON?

MR. BRESS: THANK YOU, YOUR HONOR, AND HAPPY TO BE REFERRED TO AS THE SAN JOSE PLAINTIFFS.

WE WILL BE MOVING ON THE APPORTIONMENT CAUSE CLAIM AND THE PARALLEL STATUTORY CLAIM.

THE COURT: OKAY. SO FOR YOUR AMENDED COMPLAINT, IS THAT COUNT ONE, FOUR, AND FIVE?

MR. BRESS: SO, YOUR HONOR, IT IS I BELIEVE JUST COUNTS ONE AND FOUR, ALTHOUGH I -- IT'S ESSENTIALLY, YOUR HONOR, IT'S THE -- IT IS TWO CLAIMS, AND -- NOW, WE HAVE ADDED -- THE CLAIMS THAT WE ADDED, JUST TO BE CLEAR, ARE RELATED CLAIMS THAT IN ORDER TO ACCOMPLISH THE EXCLUSION OF UNDOCUMENTED IMMIGRANTS, THE GOVERNMENT IS EITHER GOING TO HAVE TO USE SAMPLING ON THE ONE HAND, WHICH IS UNLAWFUL UNDER

SECTION 195 AND UNDER THE ENUMERATION CLAUSE; OR WILL HAVE TO RELY ON EXTRA CENSUS SOURCES THAT ARE ADMITTEDLY INCOMPLETE, IN VIOLATION, AGAIN, OF THE CENSUS ACT AND THE ENUMERATION CLAUSE.

BUT WE ARE NOT RAISING THOSE CLAIMS FOR PURPOSES OF OUR PARTIAL SUMMARY JUDGMENT MOTION.

THE COURT: AND YOUR COUNT ONE AND COUNT FOUR ARE STILL FOURTEENTH AMENDMENT AND ARTICLE ONE OF THE CONSTITUTION CLAIMS; IS THAT CORRECT?

MR. BRESS: YES, YOUR HONOR, AND WE WILL -- YES.

THE COURT: OKAY. ALL RIGHT. THANK YOU.

AND LET ME ASK, FOR THE STATE OF CALIFORNIA PLAINTIFFS, THE LANGUAGE THAT PLAINTIFFS IN BOTH CASES USED AS TO WHICH CLAIMS THEY WOULD BE MOVING FOR PARTIAL SUMMARY JUDGMENT ON WAS SLIGHTLY DIFFERENT, SO I WASN'T SURE IF THE CLAIMS YOU WOULD BE MOVING ON WERE DIFFERENT OR THE SAME.

SO CAN YOU PLEASE CONFIRM -- I UNDERSTOOD YOU'RE MOVING ON YOUR CLAIMS ONE, TWO, AND THREE. IS THAT CORRECT?

MR. WISE: THAT'S RIGHT.

THE COURT: OKAY.

MR. WISE: WE HAD JUST MADE SLIGHTLY DIFFERENT CLAIMS THAN THE SAN JOSE PLAINTIFFS, ALTHOUGH THEY'RE, I WOULD SAY, FUNCTIONALLY VERY SIMILAR.

THE COURT: ALL RIGHT. THANK YOU FOR THAT, THAT CLARIFICATION.

LET ME ASK, IN TERMS OF THE GOVERNMENT, I ASSUME -- ARE

YOU GOING TO FILE A MOTION TO DISMISS OR YOUR OWN CROSS SUMMARY JUDGMENT MOTION?

MR. ROSENBERG: YOUR HONOR, THIS IS BRAD ROSENBERG ON BEHALF OF THE FEDERAL DEFENDANTS.

THE COURT: UM-HUM.

MR. ROSENBERG: WE HAVE NOT YET HAD AN OPPORTUNITY TO FULLY REVIEW THE AMENDED COMPLAINT THAT WAS FILED, SO I DON'T THINK WE KNOW AT THIS POINT EXACTLY WHAT FORM OUR MOTION WOULD TAKE.

I WOULD ANTICIPATE A DISPOSITIVE MOTION. IT MIGHT BE, FOR EXAMPLE, A MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT. BUT WE HAVE NOT YET REACHED A FINAL DETERMINATION AS TO WHAT FORM THE DISPOSITIVE MOTION WILL TAKE.

THE COURT: ALL RIGHT. I WOULD ASK THAT YOU LIMIT YOUR DISPOSITIVE MOTION TO THE CLAIMS THAT THE PLAINTIFFS WILL BE MOVING ON AND SAVE FOR A LATER DATE ANY DISPOSITIVE MOTION ON THE REMAINING CLAIMS. ARE YOU AMENABLE TO DOING THAT?

MR. ROSENBERG: WE WOULD BE -- I ASSUME THAT THE COURT IS INQUIRING ABOUT THAT IN ORDER TO STREAMLINE THE ISSUES TO RESOLVE.

THE COURT: THAT'S CORRECT. IT'S -- IT'S GOING TO BE COMPLEX AND DIFFICULT ENOUGH, AND TO TRY TO DO THIS ON THE TIMELINE THAT'S NECESSARY, I JUST THINK WE'D BE OVERWHELMED IF WE HAD TO MOVE ON ALL CLAIMS RIGHT NOW.

MR. ROSENBERG: THE GOVERNMENT --

THE COURT: I WOULD APPRECIATE IT.

MR. ROSENBERG: THE GOVERNMENT IS AMENABLE TO THAT, AS LONG AS IT IS CLEAR THAT OUR OBLIGATION TO RESPOND TO THE OTHER COUNTS IN THE COMPLAINT IS STAYED PENDING THE COURT'S EVALUATION OF THE CROSS MOTIONS.

THE COURT: LET ME HEAR FROM THE PLAINTIFFS. WHAT'S YOUR VIEW? IS THAT AMENABLE TO THE PLAINTIFFS? OR DO YOU WANT TO HAVE LITIGATION ON ALL CLAIMS RIGHT NOW ON THIS EXPEDITED SCHEDULE?

MR. BRESS: YOUR HONOR, WE'D AGREE WITH YOUR HONOR'S INCLINATION TO HAVE THE INITIAL ROUND BE ON THE CLAIMS FOR WHICH WE'RE SEEKING SUMMARY JUDGMENT. WE THINK THAT WOULD BE THE MOST EFFICIENT COURSE.

THE COURT: OKAY. THANK YOU. I APPRECIATE THAT.

IF YOU WOULD LIKE -- WOULD YOU LIKE TO HAVE AND SET A CASE MANAGEMENT CONFERENCE FOR LATER FOR NOT THIS SORT OF EARLY EXPEDITED PORTION OF THE CASE, BUT FOR THE REST OF THE CASE? AND AT THAT TIME WE COULD SET A CASE SCHEDULE FOR THOSE REMAINING CLAIMS.

MR. BRESS: YOUR HONOR, I THINK THAT WOULD MAKE A GREAT DEAL OF SENSE.

THE COURT: OKAY. WHEN WOULD YOU -- AND BY "YOU" I'M MEANING BOTH, BOTH PARTIES, OR ALL PARTIES -- WHEN WOULD YOU LIKE TO HAVE THAT CMC?

MR. BRESS: YOUR HONOR, FROM MY STANDPOINT, I THINK

IT MIGHT MAKE SENSE TO DELAY THAT CMC UNTIL THE COURT HAS A HEARING ON THE PARTIAL SUMMARY JUDGMENT MOTION FOR THIS -- FOR THE CLAIMS THAT ARE BEING MADE RIGHT NOW AND HAS THE OPPORTUNITY TO CONSIDER AND DECIDE THEM, BECAUSE IT MAY WELL PROVE UNNECESSARY TO GO FURTHER THAN THAT.

THE COURT: I WOULD ASSUME IT WOULD BE AFTER. I THINK IT'S GOING TO TAKE ALL OF OUR RESOURCES JUST TO FOCUS ON WHAT THE PARTIES ARE INTENDING TO BRIEF INITIALLY, SO THIS WOULD BE LATER.

I GUESS WE COULD ALSO SET THAT FURTHER CMC AT A LATER TIME.

MR. BRESS: THAT'S PROBABLY --

THE COURT: WAS --

MR. BRESS: I'M SORRY FOR INTERRUPTING. I WAS JUST SAYING, BECAUSE I CAN'T PREDICT HOW FAST THE COURT WILL ACT ON THE SUMMARY JUDGMENT MOTION, THAT'S WHY I DIDN'T PRESUME TO THROW A DATE OUT FOR YOU.

THE COURT: ALL RIGHT. MR. ROSENBERG, WHAT WOULD YOU PREFER? OR DO YOU AGREE?

MR. ROSENBERG: YOUR HONOR, WE AGREE IN GENERAL.

I WOULD -- I WOULD SUGGEST THAT THE COURT STAY THE OBLIGATION OF THE DEFENDANTS TO RESPOND, OTHERWISE RESPOND TO THE COMPLAINT OR TO ANY OF THE CLAIMS THAT ARE NOT BEING BRIEFED, AND DEFER A CASE MANAGEMENT CONFERENCE UNTIL AT LEAST 30 DAYS AFTER THE COURT ISSUES AN OPINION ON WHAT WILL BE THE

PENDING MOTIONS, AND THAT WAY THAT WOULD PROVIDE THE PARTIES WITH AN OPPORTUNITY TO EVALUATE WHERE THE LITIGATION STANDS, INCLUDING THE POTENTIAL FOR ANY APPEAL, AND AS PLAINTIFFS' COUNSEL HAS NOTED, ALSO EVALUATE WHAT WOULD BE MOST EFFICIENT IN TERMS OF RESOLVING ANY REMAINING CLAIMS AT THAT POINT IN TIME AFTER THE COURT HAS POTENTIALLY NARROWED THE ISSUES IN THE LITIGATION.

THE COURT: MR. BRESS, DO YOU AGREE WITH THAT?

MR. BRESS: YES, YOUR HONOR, THAT WOULD BE I THINK FINE.

THE COURT: OKAY. AND I UNDERSTAND THAT YOU ARE ALSO SPEAKING ON BEHALF OF THE STATE OF CALIFORNIA PLAINTIFFS. IS THAT CORRECT?

MR. BRESS: I'M NOT, YOUR HONOR.

MR. WISE: NO.

THE COURT: OH, YOU'RE NOT. OH, I'M SORRY. I APOLOGIZE.

THEN LET ME ASK MR. WISE, ARE YOU AMENABLE TO -- AND LET ME -- SO WE WOULD BE STAYING THE DEFENSE RESPONSE TO BOTH COMPLAINTS AS TO ALL CAUSES OF ACTION THAT ARE NOT SUBJECT TO THE PLAINTIFFS' PARTIAL SUMMARY JUDGMENT MOTION, AND WE WOULD SET THE INITIAL CMC 30 DAYS AFTER RULING ON THE CROSS DISPOSITIVE MOTIONS. SO THEN AT THAT CMC, WE WOULD SET A DATE FOR THE RESPONSE TO THE COMPLAINT.

SO LET ME HEAR FROM MR. WISE. IS THAT PROPOSAL THAT I'VE

JUST STATED ACCEPTABLE TO THE STATE OF CALIFORNIA PLAINTIFFS?

MR. WISE: YES, I THINK THAT SOUNDS RIGHT.

THE ONLY CONCERN I WOULD HAVE IS THAT JUST DEPENDING -- THIS IS ALL GOING TO MOVE VERY FAST, I BELIEVE, BECAUSE THE -- YOU KNOW, THE GOVERNMENT'S ACTIONS ARE LIKELY TO TAKE PLACE OVER THE NEXT FOUR MONTHS, SO WE MAY WANT A CMC A LITTLE BIT SOONER AFTER THE COURT'S RULING, MAYBE 15 DAYS.

THAT WOULD BE THE ONLY SUGGESTION I WOULD HAVE.

THE COURT: OH, THAT'S FINE.

MR. ROSENBERG: AND, YOUR HONOR, IF I MAY, JUST ONE POINT OF CLARIFICATION.

THE COURT: YES.

MR. ROSENBERG: IN TERMS OF WHAT WE'RE PROPOSING TO BRIEF AND STAYING THE OBLIGATION OF THE GOVERNMENT TO RESPOND TO OR BRIEF THE MERITS EITHER ON A 12(B)(6) MOTION OR A RULE 56 MOTION FOR THE CLAIMS, THE PLAINTIFFS ARE NOT RAISING -- JUST TO BE CLEAR, WE ANTICIPATE THAT THE GOVERNMENT WILL HAVE JURISDICTIONAL ARGUMENTS TO MAKE UNDER RULE 12(B)(1), WHICH WOULD LIKELY APPLY TO ALL OF THE CLAIMS, AND WE WOULD RAISE THOSE ARGUMENTS IN OUR RESPONSE TO PLAINTIFFS' FORTHCOMING MOTION AND IN SUPPORT OF OUR MOTION TO DISMISS. SO THERE WILL STILL BE JURISDICTIONAL ISSUES TO BE BRIEFED.

THE COURT: I UNDERSTAND. BUT I -- I DON'T THINK THOSE HAVE TO BE DECIDED AS TO ALL CAUSES OF ACTION --

MR. ROSENBERG: FAIR ENOUGH, YOUR HONOR.

THE COURT: -- AT THIS TIME.

MR. ROSENBERG: YES.

MR. BRESS: YOUR HONOR --

MR. ROSENBERG: IT MAY BE THE CASE, OBVIOUSLY, THAT THE BRIEFS MIGHT APPLY TO ALL CAUSES OF ACTION, BUT THE COURT CAN RESOLVE THAT HOWEVER IT SEES FIT.

THE COURT: YOU KNOW, I'M ALSO OKAY IF YOU ALL JUST WANT TO GO FULL STEAM AHEAD ON EVERYTHING. IF IT'S GOING TO PRESENT TOO MANY COMPLICATIONS -- I JUST THREW IT OUT THERE AS AN IDEA TO POTENTIALLY CONSERVE RESOURCES. BUT IF YOU WOULD PREFER TO JUST MOVE ON EVERYTHING, THAT'S FINE, TOO. DOES ANYONE HAVE A STRONG OPINION?

I SENSE FROM MR. WISE, YOU MAY PREFER TO ACTUALLY MOVE ON EVERYTHING; IS THAT CORRECT? BECAUSE YOU THINK TIME IS OF THE ESSENCE?

MR. WISE: WELL, WE'RE PREPARED, AS WE SAID IN THE STATUS CONFERENCE STATEMENT, TO MOVE ON CLAIMS ONE, TWO, AND THREE AT THIS POINT.

BUT MY ONLY SUGGESTION IS THAT GIVEN THAT, AGAIN, THE ACTIONS ARE LIKELY TO BE TAKEN IN LATE SEPTEMBER TO EARLY JANUARY, AND THERE ARE A LOT OF MOVING PARTS, THAT WE SEEM TO BE HEARING THESE EVERY WEEK THAT MAY AFFECT THIS CASE, THAT THE COURT HOLD THE STATUS CONFERENCE A LITTLE BIT SOONER AFTER THE RULING TO SEE WHERE THE REST OF THE CLAIMS STAND AT THAT POINT.

THE COURT: ALL RIGHT. BUT WHAT IS YOUR VIEW ON THE

SCOPE OF THE DEFENDANTS' DISPOSITIVE MOTION? SHOULD IT BE ON ALL OF YOUR CLAIMS OR JUST CLAIMS ONE, TWO, AND THREE THAT YOU'RE MOVING FOR PARTIAL SUMMARY JUDGMENT ON?

MR. WISE: I THINK -- I MEAN, I THINK THE COURT'S SUGGESTION MAKES SENSE OF LIMITING IT TO THOSE CLAIMS.

MR. BRESS: AND, YOUR HONOR, THAT CONTINUES TO BE OUR VIEW.

IF THE GOVERNMENT HAS ADDITIONAL REASONS TO WANT TO DO IT ALL TOGETHER, I'D BE HAPPY TO HEAR THEM.

BUT FOR NOW, WE'RE MOVING -- JUST TO BE CLEAR, I'VE GONE BACK TO THE AMENDED COMPLAINT TO MAKE SURE I'M GETTING THE CLAIMS RIGHT FOR YOU, THE NUMBERS, AND WE'RE MOVING ON NUMBERS ONE AND THREE.

THE COURT: UM-HUM. OKAY.

WELL, THEN THIS IS WHAT I'D LIKE TO DO: WHY DON'T I HAVE YOU ALL ENTER INTO A STIPULATION, BECAUSE YOU MAY WANT TO THINK ABOUT THE EXACT WORDING, THAT EFFECTIVELY STAYS THE GOVERNMENT'S RESPONSE TO BOTH COMPLAINTS AS TO CAUSES OF ACTION THAT ARE NOT SUBJECT TO THE PLAINTIFFS' PARTIAL SUMMARY JUDGMENT MOTIONS, AND REQUEST THAT THE INITIAL CMC ON THOSE CLAIMS BE SET 15 DAYS AFTER THE RULING ON THE CROSS DISPOSITIVE MOTIONS. OKAY?

SO IF YOU HAVE SPECIAL LANGUAGE THAT YOU WANT, JUST INCLUDE IT IN THE STIPULATION. OKAY?

WHEN CAN YOU FILE THAT?

MR. BRESS: I'D BE HAPPY TO FILE IT LATER TODAY, YOUR HONOR.

THE COURT: OKAY. I'LL GIVE YOU UNTIL TOMORROW JUST IN CASE.

MR. ROSENBERG, WERE YOU GOING TO SAY SOMETHING?

MR. ROSENBERG: YES, I WAS GOING TO SAY THAT I PROBABLY, AS A -- I KNOW THAT THERE ARE STATE GOVERNMENT EMPLOYEES ON THIS CALL, BUT AS A FEDERAL EMPLOYEE, THIS WOULD BE THE TYPE OF STIPULATION THAT I WOULD NEED TO OBTAIN INTERNAL APPROVAL, SO WE WOULD NEED AT LEAST UNTIL TOMORROW, THE END OF THE DAY TOMORROW TO GET THAT ON FILE.

THE COURT: TOTALLY FINE.

OKAY. SO PLEASE FILE THAT BY AUGUST THE 19TH, PLEASE.

ALL RIGHT. THANK YOU.

NOW, DO YOU NEED ANY DISCOVERY FOR ANY ASPECT OF THE PARTIAL MOTIONS FOR SUMMARY JUDGMENT OR DISPOSITIVE MOTIONS?

MR. BRESS: WE DO NOT, YOUR HONOR. THE SAN JOSE PLAINTIFFS DO NOT.

THE COURT: OKAY. WHAT ABOUT THE STATE PLAINTIFFS?

MR. WISE: NOT AT THIS TIME.

THE COURT: OKAY. MR. ROSENBERG?

MR. ROSENBERG: WE DO NOT THINK THAT DISCOVERY WOULD BE APPROPRIATE IN THIS CASE, YOUR HONOR.

THE COURT: OKAY. ALL RIGHT. SO THERE'S AGREEMENT ON THAT.

IF -- WELL, WE CAN DISCUSS WHETHER ANY OTHER DISCOVERY IS NECESSARY AT THE CMC IF THAT HAPPENS. OKAY?

ALL RIGHT. THANK YOU. THAT'S A QUICK DISCUSSION.

ALL RIGHT. NOW, WHAT ABOUT COORDINATION OF THE TWO DIFFERENT CASES, AS WELL AS COORDINATION WITH OTHER CASES THAT ARE PENDING? LET'S TALK ABOUT OUR TWO CASES FIRST.

DID YOU -- I UNDERSTOOD THAT YOU WANTED TO KEEP YOUR CASES SEPARATE, EVEN THOUGH THE BRIEFING ON THESE PARTIAL DISPOSITIVE MOTIONS WILL BE JOINT.

DID YOU WANT TO KEEP THE DOCKET THEN SEPARATE, WHICH I THINK WE SHOULD IF THERE'S NO FORMAL CONSOLIDATION, WHICH MEANS THAT BASICALLY YOUR BRIEFS SHOULD BE FILED IN BOTH CASES, THE ORDERS WILL BE FILED IN BOTH CASES, AND WE SHOULD PROBABLY JUST PUT BOTH CASE CAPTIONS IN ANY OF THE DOCUMENTS THAT ARE FILED ON BOTH CASES.

IS THAT HOW YOU WANT TO PROCEED?

MR. BRESS: THAT SOUNDS EXACTLY RIGHT, YOUR HONOR. THANK YOU.

MR. WISE: YES, THAT WORKS FOR THE CALIFORNIA PLAINTIFFS. THANK YOU.

THE COURT: ALL RIGHT. MR. ROSENBERG?

MR. ROSENBERG: YOUR HONOR, WE'RE ULTIMATELY AMENABLE TO WHATEVER THE COURT THINKS IS APPROPRIATE.

WE DID NOTE IN THE CASE MANAGEMENT STATEMENT THAT IT MIGHT BE WORTHWHILE TO ENTER AN ORDER PROVIDING THAT BRIEFING ONLY

TAKE PLACE IN THE LEAD CASE.

I WAS LEAD ATTORNEY ON THE DACA RECISSION CASE IN FRONT OF JUDGE ALSUP WHERE THERE WERE FIVE RELATED CASES AND WE ENTERED INTO SUCH AN ORDER SUCH THAT BRIEFS NEED ONLY BE FILED IN THE REGENTS CASE, WHICH WAS THE LOWEST NUMBERED CASE, AND THAT DIDN'T PRESENT ANY PROCEDURAL PROBLEMS. AS THE COURT IS AWARE, THAT CASE WENT ALL THE WAY UP TO THE SUPREME COURT ABOUT A HICCOUGH PROCEDURALLY.

AND IN LIGHT OF THE COMPLEXITY OF THE FILINGS IN SOME OF THESE CASES WITH ATTACHMENTS, IT MIGHT MAKE THE PARTIES' LIVES A LITTLE BIT EASIER IF THERE WERE AN ORDER ACKNOWLEDGING THAT ANY FILINGS IN THE LOWEST NUMBERED CASE SHALL BE DEEMED TO BE FILINGS IN ALL CASES UNLESS OTHERWISE DENOTED.

THAT SAID, ULTIMATELY WE'LL DEFER TO WHATEVER PRACTICE THE COURT THINKS IS THE MOST EFFICIENT AND THE BEST.

THE COURT: SO IF I WERE GOING TO FORMALLY CONSOLIDATE THESE, THEN I WOULD DO WHAT YOU'VE RECOMMENDED AND JUST HAVE THE FILINGS BE IN THE LOWEST NUMBERED CASE.

BUT IF I'M NOT GOING TO FORMALLY CONSOLIDATE THESE AND THESE COULD PROCEED ON DIFFERENT TRACKS IN THE FUTURE, THEN IT WOULD BE BEST FOR THE DOCKETS TO BE COMPLETE FOR PURPOSES OF AN APPEAL SO THAT FOLKS DON'T HAVE TO GO BACK AND, YOU KNOW, LOOK AT ANOTHER CASE'S DOCKET FOR ENTRIES 1 THROUGH 75 AND THEN GO BACK TO THE OTHER DOCKET FOR SUBSEQUENT DOCKET ENTRIES.

SO, YOU KNOW, THE GOOD THING THAT YOU COULD DO IS YOU CAN

STILL JUST DO A SINGLE FILING AND SPREAD THEM ON BOTH -- SPREAD THE FILINGS ON BOTH DOCKETS. SO THAT, I HOPE, WILL LESSEN THE BURDEN ON THE PARTIES FOR AT LEAST THIS SEGMENT OF THE CASE WHERE IT'S ALL GOING TO BE JOINTLY BRIEFED.

MR. ROSENBERG: I HATE TO BE THE LUDDITE ON THIS CALL, BUT WHEN THE COURT REFERS TO SPREADING THE FILINGS -- IT MAY BE THAT I DO FEWER FILINGS THESE DAYS -- IS THERE A WAY IN THE ECF SYSTEM TO AUTOMATICALLY HAVE A FILING TAKE PLACE IN TWO SEPARATE CASES?

THE COURT: YOU CAN. YOU CAN.

MR. ROSENBERG: OKAY.

THE COURT: SO WHEN WE HAVE A MULTIDISTRICT LITIGATION THAT MIGHT HAVE, YOU KNOW, 17, 30 CASES, WE SPREAD OUR ORDER ACROSS ALL THOSE DOCKETS WITHOUT HAVING TO INDIVIDUALLY FILE IN EACH DOCKET, WHICH IS, I AGREE WITH YOU, EXTREMELY BURDENSOME AND I WOULDN'T WANT THAT FOR ANYBODY. BUT THIS DOES ALLOW YOU TO FILE IN MULTIPLE DOCKETS SIMULTANEOUSLY.

MR. ROSENBERG: THAT WOULD ALLEVIATE MANY OF OUR CONCERNS, YOUR HONOR, SO IF THAT IS THE CAPABILITY OF THE SYSTEM, THEN WE NEED TO GET UP TO SPEED ON THAT.

THE COURT: OKAY. ALL RIGHT. THANK YOU.

THEN THAT'S WHAT WE'LL DO. I'LL ASK YOU, SINCE THERE'S NO FORMAL CONSOLIDATION, TO CONTINUE FILING IN BOTH CASES. YOU CAN SIMULTANEOUSLY DO THAT ON OUR ECF SYSTEM.

AND THEN I WOULD ASK THEN THAT ALL FILINGS, SINCE THEY

WILL BE JOINT, INCLUDE BOTH CASE CAPTIONS JUST SO IT'S CLEAR, AND BOTH CASE NUMBERS.

OKAY. ALL RIGHT. NOW, WHAT ABOUT ALL THE OTHER CASES? I KNOW THAT YOUR JOINT CASE MANAGEMENT STATEMENT SAID WE SHOULD JUST PROCEED IN PARALLEL, WHICH I UNDERSTAND AND THAT'S FINE.

I MEAN, IF THERE ULTIMATELY EVER IS ANY DISCOVERY, I WOULD ASSUME YOU WOULD WANT THAT COORDINATED ACROSS CASES AND NOT HAVE IT BE UNDULY BURDENSOME TO HAVE DUPLICATIVE DEPOSITIONS, FOR EXAMPLE.

MR. BRESS: YOUR HONOR -- OH, SORRY.

MR. ROSENBERG: PLEASE, GO AHEAD.

MR. BRESS: PLEASE GO FIRST, MR. ROSENBERG.

MR. ROSENBERG: YOUR HONOR, I WAS GOING TO SAY THAT SPEAKING AT LEAST ON BEHALF OF THE GOVERNMENT, THAT THAT MAKES SENSE TO US.

THERE ARE, AS THE COURT IS AWARE, MULTIPLE CASES, MANY OF WHICH ARE BEING BRIEFED ON A REASONABLY FAST TRACK. SO I WOULD JUST PLACE THE MARKER THAT IN SOME RESPECTS, YOU KNOW, THERE IS, AT LEAST FROM THE GOVERNMENT'S PERSPECTIVE, DUPLICATIVE LITIGATION.

BUT WE ARE WHERE WE ARE AT THIS POINT IN TERMS OF THIS LAWSUIT AND THE OTHER LAWSUITS, AND TO THE EXTENT THAT THERE IS THE OPPORTUNITY TO COORDINATE ACROSS DIFFERENT CASES, WE WOULD, OF COURSE, BE OPEN TO THAT.

THE COURT: OKAY.

MR. BRESS: AND, YOUR HONOR, WE DON'T EXCLUDE THAT AS A POSSIBILITY LATER.

AT THIS POINT, YOU KNOW, IT'S HARD TO DETERMINE WHETHER THERE WILL BE ANY DISCOVERY OR NEED FOR IT, BUT HAPPY TO THINK ABOUT IT THEN.

ONE THING I WANTED TO NOTE FOR YOUR HONOR, THOUGH, IS THAT WE FILED ON BEHALF OF AN OVERLAPPING BUT DIFFERENT GROUP OF PLAINTIFFS TODAY ANOTHER CASE THAT WE'VE -- IN THE NORTHERN DISTRICT THAT WE'VE NOTED AS A RELATED CASE. THIS CASE CHALLENGES THE ADMINISTRATION'S DECISION TO STOP COUNTING FOR PURPOSES OF THE CENSUS AS OF SEPTEMBER 30TH.

THE COURT: UM-HUM.

MR. BRESS: FILED TODAY, MARKED, AS I SAY, AS RELATED. IT IS A SEPARATE CASE REALLY ADDRESSING A SEPARATE ACTION BY THE DEFENDANTS IN THAT CASE, BUT ONE THAT, OF COURSE, AFFECTS THE CENSUS AND THEREFORE WILL AFFECT THE ENUMERATION.

SO I JUST WANTED TO MAKE SURE THAT YOUR HONOR WAS APPRISED OF IT. I'M NOT ASKING YOUR HONOR TO DO ANYTHING ABOUT THAT RIGHT NOW, BUT FELT LIKE IT WOULD BE A GOOD IDEA TO BRING IT UP TO YOU AT LEAST SO YOU KNOW IT'S, IT'S BEEN FILED.

THE COURT: OKAY. BUT IS THAT NEW CASE SEPARATE FROM YOUR FIRST AMENDED COMPLAINT?

MR. BRESS: EXACTLY.

THE COURT: I SEE. DOES IT RAISE SIMILAR CLAIMS, OR NOT?

MR. BRESS: YOUR HONOR, ONLY SIMILAR IN THE SENSE THAT, AGAIN, IT AFFECTS THE CENSUS AND THEREFORE WILL AFFECT THE APPORTIONMENT.

AND OF COURSE SOME OF THE FACTUAL BACKDROP IS SIMILAR. THERE'S REASONS WE BELIEVE THE ADMINISTRATION HAS DONE BOTH, AND WE THINK IN A CAUSAL SENSE THEY'RE LINKED.

BUT THE CLAIM ITSELF, OR THE CLAIMS THEMSELVES ARE VERY DIFFERENT. THERE'S AN APA CLAIM, FOR EXAMPLE, IN THAT CASE HAVING TO DO WITH THE FACT THAT WHEN THE GOVERNMENT CAME OUT WITH THIS NEW DECISION, IT FAILED TO JUSTIFY WHY IT WAS DEPARTING FROM THE EXISTING PLAN, ET CETERA.

SO IT'S A CLAIM THAT REALLY RAISES VERY DIFFERENT ISSUES ABOUT THE GOVERNMENT'S ABILITY TO COMPLETE A CENSUS IN THAT PERIOD, TRUNCATED PERIOD OF TIME.

THE COURT: OKAY. AND WILL YOU BE MOVING TO HAVE THAT RELATED TO THESE TWO CASES?

MR. BRESS: YES, YOUR HONOR, WE'VE MOVED TO HAVE THEM RELATED. WE'RE NOT ASKING THAT THEY BE CONSOLIDATED.

BUT WHEN I SAY WE MOVED TO HAVE THEM RELATED, IT'S MORE AN ACKNOWLEDGMENT THAT WE THINK THAT THIS COURT MAY VIEW THEM AS RELATED.

BUT, AGAIN, I'M NOT ASKING FOR CONSOLIDATION, AND IN THAT CASE WE'RE LIKELY TO BE SEEKING PRELIMINARY RELIEF QUITE SHORTLY.

THE COURT: OKAY. ON A SEPARATE BRIEFING SCHEDULE

THAN IN THIS CASE?

MR. BRESS: ABSOLUTELY, AND IT WILL BE, YOU KNOW, A MOTION FOR A STAY/PI.

THE COURT: OKAY. AND DOES THAT ALSO REQUIRE A THREE JUDGE PANEL?

MR. BRESS: NO, WE DON'T BELIEVE IT DOES, YOUR HONOR, BECAUSE RATHER THAN ADDRESSING HOW THE APPORTIONMENT ITSELF IS BEING DONE, IT ADDRESSES HOW THE CENSUS IS BEING TAKEN.

AND SO WE THINK WHILE THESE QUESTIONS ARE CLOSE QUESTIONS, THAT'S A STEP FURTHER AWAY FROM THE STATUTORY AUTHORITY FOR A THREE JUDGE COURT.

THE COURT: I SEE. COULD YOU GIVE ME THE NAME OF THAT CASE SO WE CAN LOOK THAT UP? I APOLOGIZE. I WAS NOT AWARE THAT THAT HAD BEEN FILED TODAY.

MR. BRESS: ONE OF MY CO-COUNSEL CAN PROBABLY REMEMBER THE FIRST NAME ON THE -- THAT WE'VE GOT ON THERE.

THE COURT: WHAT WILL THE GOVERNMENT'S POSITION BE ON RELATION?

MR. ROSENBERG: YOUR HONOR, THIS IS BRAD ROSENBERG FOR THE FEDERAL DEFENDANTS.

HAVING NOT SEEN THE COMPLAINT YET, IT'S DIFFICULT FOR ME TO SET FORTH A POSITION HERE. WE WOULD WELCOME THE OPPORTUNITY TO TAKE A LOOK.

AND WITHOUT WAIVING SERVICE REQUIREMENTS, WHICH ARE NECESSARY SO THAT THE COMPLAINT DOESN'T GET LOST IN THE D.O.J.

SYSTEM, I'D JUST ASK AS A COURTESY IF PLAINTIFFS' COUNSEL COULD SEND ME AN E-MAIL WITH A COPY OF THE COMPLAINT SO THAT WE CAN TAKE A LOOK AT IT, BECAUSE I WAS NOT AWARE OF A NEW LAWSUIT.

MR. BRESS: AND THE NEW LAWSUIT, JUST TO BE CLEAR, THE FIRST NAME ON THE CAPTION IS NATIONAL URBAN LEAGUE, YOUR HONOR.

AND WE'D, OF COURSE, BE HAPPY TO SEND THE GOVERNMENT A COPY OF THE COMPLAINT. THE ONLY REASON WE HAVEN'T YET IS I THINK IT WAS FILED ABOUT HALF AN HOUR AGO.

THE COURT: ALL RIGHT. OKAY.

MR. HUSENY: YOUR HONOR, I SHOULD ADD THAT THE CASE NUMBER, IN CASE THAT'S USEFUL, IS 20-CV-5799.

THE COURT: OKAY. ALL RIGHT. THANK YOU.

MR. ROSENBERG: WITH THAT, YOUR HONOR, I CAN LOOK IT UP.

THE COURT: AND MR. ROSENBERG, THESE WILL NEED TO PROCEED APACE, SO I WILL ASK AS WELL THAT THE GOVERNMENT MAKE A PROMPT APPEARANCE AFTER SERVICE.

MR. ROSENBERG: WE CAN, YOUR HONOR, AND WE ARE IN TOUCH WITH THE U.S. ATTORNEY'S OFFICE, OBVIOUSLY, AND THEY WILL LET US KNOW. WE'LL FLAG THIS ISSUE FOR THE U.S. ATTORNEY'S OFFICE SO THEY CAN LET US KNOW ONCE THEY HAVE BEEN SERVED.

OBVIOUSLY THE ATTORNEY GENERAL AND THE AGENCY NEED TO BE SERVED AS WELL, BUT WE'LL KEEP AN EYE OUT PARTICULARLY FOR THE U.S. ATTORNEY'S OFFICE.

THE COURT: OF COURSE. I ASSUME PLAINTIFFS WILL COMPLY WITH ALL THEIR SERVICE OBLIGATIONS.

MR. BRESS: OF COURSE.

THE COURT: OKAY. WELL, THANK YOU FOR GIVING ME THAT HEADS-UP. IT SOUNDS LIKE WE MAY NEED A CMC ON THAT CASE AS WELL.

MR. BRESS: YES, YOUR HONOR.

THE COURT: OKAY. THE CMCS ARE JUST HELPFUL FROM A RESOURCE PERSPECTIVE SO I KNOW WHAT TO EXPECT AND I CAN PLAN ACCORDINGLY WITHIN MY OWN CHAMBERS. SO AS MUCH ADVANCE NOTICE IS HELPFUL, AND TO GET THIS EARLY IS HELPFUL. SO THANK YOU FOR LETTING ME KNOW THAT.

MR. ROSENBERG: AND, YOUR HONOR, IF THE COURT DOES -- ASSUMING THAT THE SAME ATTORNEYS APPEAR IN THE NEW CASE, AND ASSUMING THAT THE COURT ORDERS A CMC, ONE OF OUR CONCERNS WITH THE INITIAL REQUEST FOR AN EXPEDITED CMC IS NOT ABOUT EXPEDITING A RESOLUTION OF KEY ISSUES IN THE CASE, BUT AS THE COURT IS AWARE, ITS STANDARD JOINT CASE MANAGEMENT STATEMENT REQUIREMENTS ARE QUITE LENGTHY.

SO WE WOULD ASK IF THERE ARE ANY WAYS TO STREAMLINE THE CMC, AS THE COURT HAS DONE IN THIS CASE, SO AS TO ALLOW THE PARTIES TO FOCUS ON THE KEY ISSUES THAT THE COURT NEEDS TO RESOLVE.

THE COURT: LET ME HEAR FROM MR. -- OH, WELCOME, MR. ROSENBERG. WOULD YOU LIKE TO STATE YOUR APPEARANCE? I'M

GLAD YOU WERE ABLE TO JOIN US.

MR. EZRA ROSENBERG: YES, THANK YOU. ALL OF A SUDDEN IT JUST POPPED UP, YOUR HONOR.

EZRA ROSENBERG ON BEHALF OF THE PLAINTIFFS FROM THE LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW.

THANK YOU, YOUR HONOR.

THE COURT: ALL RIGHT. GOOD MORNING AND WELCOME.

MR. BRESS, I ASSUME YOU HAVE NO OBJECTION TO A STREAMLINED JOINT CASE MANAGEMENT STATEMENT.

OH, YOU'RE ON MUTE, SIR. YOU'RE ON MUTE.

MR. BRESS: SORRY. I ONLY FEEL BETTER THAT APPARENTLY BEFORE CONGRESS ALL OF THE TITANS OF INDUSTRY ALSO FORGET THEIR MUTE BUTTONS. SO, YOUR HONOR, I APOLOGIZE FOR FORGETTING THAT.

AT ANY RATE, WE HAVE ABSOLUTELY NO OBJECTION TO IT AND, IN FACT, WOULD AGREE WITH THE STREAMLINE. AND AS NOTED, I EXPECT WE'RE GOING TO BE FILING, LITERALLY WITHIN DAYS, A MOTION FOR PRELIMINARY RELIEF.

THE COURT: OKAY. SO I WOULD -- I WOULD LIKE TO HAVE A PROMPT CMC.

MR. ROSENBERG, NORMALLY YOU WOULD HAVE, UNDER THE CIVIL LOCAL RULES, FOUR DAYS TO RESPOND TO AN ADMINISTRATIVE MOTION. A MOTION TO RELATE IS AN ADMINISTRATIVE MOTION. OBVIOUSLY IF YOU'D LIKE YOUR FOUR DAYS, I WILL GIVE THAT TO YOU. YOU ARE ENTITLED TO IT.

BUT LET ME JUST SAY, IF THIS IS GOING TO BE ON AN EXPEDITED BASIS, I WOULD ALSO APPRECIATE, AS YOU DID IN THIS CASE, IF YOU MOVED FASTER THAN FOUR DAYS ON YOUR MOTION TO RELATE RESPONSE.

MR. ROSENBERG: YOUR HONOR, THIS IS BRAD ROSENBERG.

WE WILL DO EVERYTHING WITHIN OUR POWER TO RESPOND AS QUICKLY AS POSSIBLE, RECOGNIZING THE TYPE OF RELIEF THAT PLAINTIFFS ARE SEEKING AND THAT AN EFFICIENT RESPONSE UP FRONT MAY STREAMLINE THE LITIGATION DOWN THE ROAD.

THE COURT: THANK YOU. ALL RIGHT. THANK YOU. I APPRECIATE THAT.

ALL RIGHT. SO I WOULD -- YOU KNOW, ASSUMING SERVICE IS PROPER AND THE GOVERNMENT IS ABLE TO MAKE A PROMPT APPEARANCE AND DECISION ON THE MOTION TO RELATE, THEN I WOULD EXPECT THAT WE WOULD PROBABLY BE HAVING AN INITIAL CMC WITHIN THE NEXT WEEK. OKAY?

ALL RIGHT. WELL, WITH REGARD TO -- I UNDERSTAND THE PARTIES THINK ANY DISCOVERY DISCUSSION IS PREMATURE, AT LEAST IN THESE TWO CASES. I UNDERSTAND THAT.

BUT IN TERMS OF THAT TYPE OF COORDINATION, I ASSUME YOU WOULD WANT TO DO SOME KIND OF JOINT PROTECTIVE ORDER DISCOVERY ORDER THAT WOULD APPLY ACROSS ALL CASES AND ALL THE DIFFERENT JURISDICTIONS WHERE IT HAS BEEN FILED. IS THAT CORRECT? WHERE CASES HAVE BEEN FILED, EXCUSE ME.

MR. WISE: WE WOULD CERTAINLY WORK TOGETHER WITH THE

OTHER PARTIES FROM THE OTHER CASES TO -- YOU KNOW, ANY KIND OF ORDER THAT WOULD APPLY TO ALL CASES, WE WOULD WORK WITH THEM, AND ANY COORDINATION OF DEPOSITIONS AND OTHERWISE, WE WOULD COORDINATE THAT.

THE COURT: OKAY.

MR. BRESS: ABSOLUTELY, YOUR HONOR.

THE COURT: ALL RIGHT.

SAME FOR MR. ROSENBERG?

MR. ROSENBERG: YOUR HONOR, THIS IS BRAD ROSENBERG. AND I HATE TO SAY THIS, BUT THERE ARE ACTUALLY I THINK TWO ROSENBERGS ON THIS LINE AT THIS POINT.

THE COURT: THERE ARE.

MR. ROSENBERG: NO RELATION AS FAR AS I KNOW.

YOUR HONOR, THE ISSUE OF A JOINT PROTECTIVE ORDER HAS NOT, AS FAR AS I KNOW, BEEN RAISED IN THE OTHER LAWSUITS, ALTHOUGH I MAY NOT HAVE PERFECT VISION INTO WHAT'S TRANSPIRING IN THE OTHER LAWSUITS. BUT IT'S CERTAINLY SOMETHING THAT WE CAN TAKE BACK.

THE COURT: OKAY. THAT'S FINE. AND IT SOUNDS LIKE IT'S PREMATURE AT THIS POINT SINCE NOBODY WANTS DISCOVERY.

WOULD ANYONE HAVE OBJECTION TO ME COMMUNICATING WITH THE JUDGES IN OTHER CASES FOR COORDINATION PURPOSES?

MR. BRESS: ZERO OBJECTION, YOUR HONOR.

MR. ROSENBERG: NO OBJECTION FROM THE UNITED STATES, YOUR HONOR.

THE COURT: AND MR. WISE ON BEHALF OF CALIFORNIA?

MR. WISE: NO OBJECTION, YOUR HONOR. THANK YOU.

THE COURT: ALL RIGHT. THANK YOU.

OKAY. NOW, IN TERMS OF THE TIMING OF YOUR REQUEST FOR RELIEF, ARE THE FIELD OPERATIONS STILL CONCLUDING ON SEPTEMBER 30TH?

MR. ROSENBERG: THIS IS BRAD ROSENBERG, YOUR HONOR.

AS FAR AS I KNOW, YES.

THE COURT: OKAY. AND YOU ALL ARE I'M SURE MUCH MORE FAMILIAR WITH ALL THE PRIOR LITIGATION REGARDING THE CITIZENSHIP QUESTION.

IS THE NON-RESPONSE FOLLOW-UP THAT WAS DISCUSSED IN THOSE CASES THE SAME AS FIELD OPERATIONS? OR ARE THOSE DIFFERENT THINGS?

MR. ROSENBERG: YOU KNOW, YOUR HONOR, I'M HESITANT TO RESPOND SPECIFICALLY TO THAT QUESTION BECAUSE I DON'T WANT TO MISREPRESENT -- MAKE ANY MISREPRESENTATIONS, AND I SAY THAT BECAUSE THEY ARE -- THE NON-RESPONSE FOLLOW-UP IS A PROCESS THAT THE CENSUS BUREAU IS USING TO FOLLOW UP WITH HOUSEHOLDS THAT HAVE NOT RESPONDED TO THE QUESTIONNAIRES THAT THE INDIVIDUALS HAD AN OPPORTUNITY TO FILL OUT ONLINE.

I UNDERSTAND THAT THAT TIMELINE OBVIOUSLY IS SOMETHING THAT NEEDS TO BE COMPLETED IN LIGHT OF THE STATUTORY DEADLINE AT THE END OF THE YEAR FOR THE CENSUS BUREAU TO COMPLETE ITS COUNT, AND I DON'T HAVE ANY REASON TO BELIEVE IT'S INCONSISTENT

IN ANY WAY WITH WHAT WAS DESCRIBED IN THE OTHER CASES, BUT I'M NOT FAMILIAR WITH THE TESTIMONY, OR WITH MOST OF THE TESTIMONY IN THOSE CASES, SO I'M NOT IN A POSITION TO MAKE A SPECIFIC REPRESENTATION IN THAT REGARD.

THE COURT: OKAY. SO WHAT ARE FIELD OPERATIONS?

MR. ROSENBERG: THE CENSUS BUREAU HAS A SET OF FIELD OPERATIONS, THE NON-RESPONSE FOLLOW-UP PROCESS, TO FOLLOW UP WITH HOUSEHOLDS TO TRY TO OBTAIN INFORMATION AS PART OF THE 2020 CENSUS ENUMERATION. IT INVOLVES GOING TO INDIVIDUAL HOUSEHOLDS TO TRY TO -- THAT HAVE NOT RESPONDED TO THE CENSUS BUREAU'S QUESTIONNAIRES TO IDENTIFY OR ATTEMPT TO IDENTIFY INDIVIDUALS LIVING IN THOSE HOUSEHOLDS.

I BELIEVE IT ALSO MAY INVOLVE, IF THEY CANNOT MAKE CONTACT WITH A SPECIFIC HOUSEHOLD, MAKING CONTACT WITH NEIGHBORING HOUSEHOLDS TO TRY TO ASCERTAIN WHO LIVES IN A RESIDENCE AND DETERMINE WHETHER ANYONE IS RESIDING AT THAT RESIDENCE.

THE COURT: LET ME ASK MR. BRESS AND MR. WISE, SO YOUR -- YOUR HEARING DATE IS PAST THAT SEPTEMBER 30TH DEADLINE, SO I ASSUME THAT YOU'RE OKAY WITH THE RULING ON THESE CROSS PARTIAL SUMMARY JUDGMENT MOTIONS BEING ISSUED AFTER THAT DEADLINE. OR I GUESS I SHOULD SAY THE CONCLUSION OF FIELD OPERATIONS. IS THAT RIGHT?

MR. BRESS: WELL, YOUR HONOR, AS THINGS CURRENTLY STAND, YES. AS I NOTED, THE OTHER LAWSUIT WILL BE CHALLENGING -- IS CHALLENGING THE GOVERNMENT'S DECISION TO

TRUNCATE THEIR NON-RESPONSE FOLLOW-UP, AND INDEED THEIR ACCEPTANCE EVEN OF INDIVIDUAL'S RESPONSE TO THE CENSUS FORMS AS OF SEPTEMBER 30TH, AND WE'RE HOPEFUL THAT WE OBTAIN A STAY AND/OR PRELIMINARY INJUNCTION THAT REQUIRES THE GOVERNMENT TO CONTINUE COUNTING PEOPLE, IN WHICH CASE THE COURT'S DECISION HERE WOULD STILL OCCUR IN THE MIDST OF THE RESPONSE, NON-RESPONSE FOLLOW-UP PROCESS.

BUT BARRING PRELIMINARY RELIEF IN THAT CASE, THEN YES, WE'D AGREE THAT THE DECISION HERE WILL POST-DATE THE END OF THAT PROCESS.

THE COURT: OKAY. AND I ASSUME THAT THE NEW YORK CASE IS THE FURTHEST ALONG; IS THAT CORRECT?

MR. BRESS: YES, YOUR HONOR, THUS FAR.

THE COURT: OKAY. NOW, IF THERE'S NOT A RULING IN THE NEW YORK CASE BEFORE SEPTEMBER 30TH, THEN WILL YOU BE SEEKING A TRO? I GUESS IT DEPENDS ON WHAT HAPPENS WITH THIS OTHER CASE.

MR. BRESS: (NODS HEAD UP AND DOWN.)

THE COURT: ALL RIGHT. I UNDERSTAND THAT.

MR. ROSENBERG: YOUR HONOR, IF I COULD SPEAK TO THAT BRIEFLY?

I DON'T THINK -- I DON'T WANT TO PUT WORDS INTO PLAINTIFFS' MOUTH.

THE COURT: YES.

MR. ROSENBERG: BUT I DON'T THINK THAT THE

NON-RESPONSE FOLLOW-UP PROCESS DIRECTLY IMPLICATES THE ISSUES IN THIS CASE.

THE CENSUS BUREAU IS CONTINUING ITS ATTEMPTS TO TRY TO IDENTIFY AND COUNT ALL INDIVIDUALS IN THE UNITED STATES, RESIDING IN THE UNITED STATES, AND THAT PROCESS WILL TAKE PLACE INDEPENDENTLY OF ANY OF THE ISSUES THAT ARE BEING LITIGATED IN THESE TWO LAWSUITS.

MR. BRESS: SO, YOUR HONOR, WE DO DIFFER WITH, WITH DEFENDANTS ON THIS ISSUE, BECAUSE AS WE'VE ALLEGED IN OUR COMPLAINT, WE BELIEVE THAT THIS ORDER THAT'S AT ISSUE IN THIS CASE, IN AND OF ITSELF, IS DEPRESSING THE COUNT FOR PURPOSES OF FOLLOW UP AND MAKING IT ALL THE MORE DIFFICULT TO COUNT PARTICULARLY PEOPLE OF COLOR AND, AND IMMIGRANTS TO THIS COUNTRY.

AND SO WE DO THINK THE TWO THINGS ARE CONNECTED AND THAT GETTING RELIEF IN THIS CASE WILL HELP ENSURE A COMPLETE COUNT, WHICH IS -- REGARDLESS OF THE STATUTORY DEADLINE OF DECEMBER 31ST, THE COMPLETE COUNT IS REQUIRED BY THE CONSTITUTION.

THE COURT: LET ME ASK MR. ROSENBERG, I'M SORRY, I DON'T THINK I UNDERSTOOD YOUR POINT.

IS YOUR POINT JUST THAT THE NON-RESPONSE FOLLOW-UP IS DISTINCT FROM THE FIELD OPERATIONS? OR -- I'M UNCLEAR. WHAT WAS IT THAT YOU WERE SAYING?

MR. ROSENBERG: NO, YOUR HONOR. MY POINT IS THAT

WHATEVER HAPPENS WITH THE FIELD OPERATIONS, INCLUDING NON-RESPONSE FOLLOW-UP, WILL TAKE PLACE AND THE CENSUS BUREAU WILL COLLECT INFORMATION ON THE NUMBER OF INDIVIDUALS RESIDING IN EACH STATE PURSUANT TO THOSE OPERATIONS.

THE PRESIDENTIAL MEMORANDUM THAT'S BEING LITIGATED IN THIS CASE DOES NOT IN ANY WAY, AT LEAST IN THE GOVERNMENT'S VIEW, AFFECT THOSE OPERATIONS. THEY'RE TWO COMPLETELY SEPARATE ISSUES.

THE COURT: ARE YOU SAYING NO AGENCIES ARE COMPLYING WITH THE PRESIDENT'S MEMORANDUM?

MR. ROSENBERG: NO. NO, THAT'S NOT --

THE COURT: EITHER HIS PREVIOUS ONE OR THE CURRENT ONE?

MR. ROSENBERG: WELL, I THINK BY THE PREVIOUS ONE, YOU'RE REFERRING TO EXECUTIVE ORDER 13880.

THE COURT: YES.

MR. ROSENBERG: AND THAT EXECUTIVE ORDER REQUIRES FEDERAL AGENCIES TO SHARE WHAT ARE CALLED ADMINISTRATIVE RECORDS WITH THE CENSUS BUREAU SO THAT THE CENSUS BUREAU CAN EVALUATE THOSE RECORDS TO DETERMINE WHETHER THEY CAN BE USED TO ASCERTAIN THE ILLEGAL ALIEN POPULATION. THAT PROCESS IS ONGOING.

THE COURT: SO CAN YOU TELL ME, WHAT IS INVOLVED WITH COMPLIANCE WITH EXECUTIVE ORDER 13880?

MR. ROSENBERG: SO PURSUANT TO THE --

THE COURT: PLEASE.

MR. ROSENBERG: SO PURSUANT TO THAT EXECUTIVE ORDER, THE CENSUS BUREAU HAS ENTERED INTO A SERIES OF MEMORANDA OF UNDERSTANDING WITH VARIOUS OTHER EXECUTIVE BRANCH AGENCIES, AS WELL AS I BELIEVE SOME STATES, TO OBTAIN ADMINISTRATIVE RECORDS, SUBJECT TO THE CENSUS BUREAU'S STRICT CONFIDENTIALITY RULES, THAT THE CENSUS BUREAU CAN THEN USE TO SEE IF THEY WILL ALLOW IT -- "IT" BEING THE CENSUS BUREAU -- TO ASCERTAIN THE ILLEGAL ALIEN POPULATION.

THAT PROCESS --

THE COURT: SORRY TO INTERRUPT YOU. CAN YOU GIVE ME SOME EXAMPLES OF ADMINISTRATIVE RECORDS? I MEAN, THEY'RE GETTING THEM FROM THE STATE?

MR. ROSENBERG: IT MIGHT BE, FOR EXAMPLE, DRIVER'S LICENSE INFORMATION FROM STATES, I BELIEVE. IT MIGHT BE RECORDS FROM THE DEPARTMENT OF HOMELAND SECURITY OR THE SOCIAL SECURITY ADMINISTRATION THAT WOULD -- DEPENDING ON HOW THE RECORDS MIGHT BE MATCHED AGAINST THE INFORMATION THAT THE CENSUS BUREAU IS COLLECTING PURSUANT TO ITS ENUMERATION PROCESS THAT WOULD ALLOW THE CENSUS BUREAU POTENTIALLY TO IDENTIFY THE ILLEGAL ALIEN POPULATION.

BUT THE POINT FOR THE COURT'S PURPOSES, I BELIEVE RIGHT NOW, IS THAT THE CENSUS BUREAU'S PROCESS OF ENUMERATING THE POPULATION, INCLUDING IDENTIFYING INDIVIDUALS WHO RESIDE IN HOUSEHOLDS WHO HAVE NOT RESPONDED TO THE CENSUS BUREAU'S

QUESTIONNAIRE, IS A PROCESS THAT IS SEPARATE AND INDEPENDENT OF ANY ACTIONS THAT THE DEPARTMENT OF COMMERCE OR THE CENSUS BUREAU MIGHT TAKE IN RESPONSE TO EXECUTIVE ORDER 13880 AND THE PRESIDENTIAL MEMORANDUM AT ISSUE IN THESE LAWSUITS.

YOU HAVE TO -- TO BE VERY COLLOQUIAL ABOUT IT, THE CENSUS BUREAU HAS TO COLLECT INFORMATION TO IDENTIFY A TOTAL POPULATION IN THE FIRST INSTANCE BEFORE IT COULD EVEN ATTEMPT TO IDENTIFY THE SUBSET OF THAT POPULATION THAT CONSISTS OF ILLEGAL ALIENS.

MR. BRESS: AND, YOUR HONOR, AS NOTED, WE DON'T THINK THE TWO ARE SEPARATE EITHER CAUSALLY OR EVEN NECESSARILY IN SOME SENSE FOR PURPOSES OF THIS CASE.

AND CAUSALLY, WE DON'T THINK THEY'RE INDEPENDENT AT ALL. IT SEEMS QUITE CLEAR THAT THE REASON THEY'RE TRUNCATING THE CENSUS AS OF SEPTEMBER 30TH IS TO ALLOW THE CURRENT PRESIDENT TO DO EXACTLY WHAT HE HAS SAID HE WANTS TO DO IN THE APPORTIONMENT EXCLUSION ORDER, BECAUSE OTHERWISE THE COUNT AND THE NUMBERS TO THE PRESIDENT WOULD ARRIVE AFTER THE ELECTION'S OVER AND PERHAPS AFTER A NEW PRESIDENT TAKES OFFICE.

SO WE BELIEVE THE TWO ARE QUITE CAUSALLY RELATED.

BUT PUTTING THAT TO THE SIDE, UNDER OUR ALLEGATIONS IN THIS CASE, WE'VE ALLEGED THAT THE EXCLUSION ORDER AT ISSUE HERE IS DEPRESSING THE COUNT AND IS DOING THAT EVERY DAY. AND SO, YES, WE THINK OBTAINING RELIEF, HOPEFULLY WHILE THE COUNT IS STILL GOING ON, WOULD HELP US ALLEVIATE ONE OF THE HARMS THAT

WE'VE ALLEGED IN THIS CASE.

AND WE UNDERSTAND THAT WILL ONLY HAPPEN LIKELY IF WE GET PRELIMINARY RELIEF IN THE OTHER CASE.

THE COURT: I SEE. THANK YOU FOR -- THANK YOU FOR GIVING ME THE BACKGROUND, MR. ROSENBERG AND MR. BRESS. I OBVIOUSLY HAVE A LOT OF LEARNING TO DO, SO THANK YOU FOR YOUR PATIENCE WHEN I ASK ALL THESE QUESTIONS.

OKAY. LET'S TALK ABOUT THE BRIEFING SCHEDULE.

YOU ARE VERY CLOSE. SO BOTH SIDES AGREE THAT THE PLAINTIFFS WILL FILE ON THE 27TH. BOTH SIDES ARE GIVING THE -- NOW, OBVIOUSLY I WILL SET A HEARING DATE, BUT I AGREE WITH YOU, I THINK A THREE JUDGE PANEL IS NECESSARY, SO THE HEARING DATE MAY HAVE TO MOVE BASED ON THE AVAILABILITY OF WHOEVER ELSE IS SELECTED. I'M SETTING A DATE THAT WORKS FOR MY CALENDAR, BUT WOULD APPRECIATE YOUR FLEXIBILITY BECAUSE WE'LL NEED TO ACCOMMODATE TWO OTHER INDIVIDUALS' CALENDARS AS WELL. THE EARLIER DATE WORKS FOR MY CALENDAR. OBVIOUSLY WE MAY HAVE TO CHANGE IT ONCE THE PANEL IS SELECTED.

SO I -- NOW, LET ME ASK YOU, DID YOUR PAGE LIMITS ASSUME YOU WERE BRIEFING ALL OF THE CAUSES OF ACTION? OR NOT? CAN THERE BE ANY REDUCTION IN THE PAGE LIMITS NOW THAT WE KNOW THAT THERE ARE AT LEAST A NUMBER OF CAUSES OF ACTION IN EACH COMPLAINT THAT ARE NOT GOING TO BE LITIGATED AT THIS TIME?

MR. BRESS: YOUR HONOR, WE'D BE HAPPY TO GO WITH A REDUCED SET OF PAGES. WE THINK WE CAN DO THE INITIAL BRIEF

LIKELY IN ABOUT 35 PAGES, AND IF WE'RE SIMPLY DEALING WITH THE ISSUES THAT WE'RE ALREADY BRIEFING IN THAT INITIAL FILING, WE DON'T SEE ANY REASON WHY WE WOULD NEED MORE THAN 25 FOR THE LATER BRIEF, SO LONG AS THE GOVERNMENT WOULD AGREE TO SIMILAR PAGE LIMITS.

THE COURT: SO MY UNDERSTANDING, MR. ROSENBERG, IS THAT YOU BELIEVE THAT SOME OF YOUR ARGUMENTS WOULD APPLY ACROSS CAUSES OF ACTION, BUT YOU'RE -- BUT YOU'RE OKAY WITH US NOT LITIGATING THOSE ISSUES FOR THOSE OTHER CAUSES OF ACTION AT THIS TIME. YOU'RE NOT GOING TO ACTUALLY BRIEF THEM; RIGHT? FOR EXAMPLE, I DON'T KNOW, STANDING OR JUSTICIABILITY OR SOMETHING LIKE THAT? YOU'RE NOT GOING TO BRIEF THOSE CAUSES OF ACTION?

MR. ROSENBERG: YOUR HONOR, I THINK WE WOULD -- I ANTICIPATE THAT OUR STANDING AND JUSTICIABILITY ARGUMENTS WOULD LIKELY APPLY ACROSS ACTIONS, WHICH IS WHY I HAVE SOME DOUBTS THAT ELIMINATING THE BRIEFING ON SPECIFIC CAUSES OF ACTION WOULD SUBSTANTIALLY REDUCE THE BRIEFING, AT LEAST ON THE JURISDICTIONAL ISSUES.

IT MAY -- I MEAN, IT MAY BE THE CASE THAT IF NONE OF THE PLAINTIFFS HAVE STANDING BECAUSE NONE CAN DEMONSTRATE THAT THEY SUFFERED AN INJURY IN FACT, THAT THE COURT COULD JUST DISMISS THE ENTIRE LAWSUIT FOR LACK OF JURISDICTION.

WE WOULDN'T NEED TO BRIEF ANYTHING ELSE IF THOSE ARGUMENTS APPLY ACROSS ALL OF THE CLAIMS, AND I SUSPECT THAT A LOT OF THE

JURISDICTIONAL ARGUMENTS WOULD.

AT THE SAME TIME, WE UNDERSTAND THE COURT'S DESIRE TO AVOID UNNECESSARY BRIEFING.

SO TYPICALLY IN A MOTION TO DISMISS ON 12(B)(6) GROUNDS, YOU WOULD TAKE THE INDIVIDUAL CAUSES OF ACTION ONE BY ONE, AND IT MAY BE THAT WE NEED NOT ADDRESS ALL OF THE CAUSES OF ACTION AND WHETHER PLAINTIFFS HAVE STATED A CLAIM; OR ALTERNATIVELY, IF WE FILE A CROSS MOTION FOR SUMMARY JUDGMENT, WHETHER SUMMARY JUDGMENT IS APPROPRIATE ON THOSE CAUSES OF ACTION.

IN TERMS OF THE PAGE LIMITS PART, WE WERE THE PARTY THAT HAD, IN CONFERRING WITH PLAINTIFFS, REQUESTED ADDITIONAL PAGES. PART OF THAT IS DRIVEN BY WHAT WE ARE SEEING IN THE NEW YORK LITIGATION WHERE BRIEFING IS SUBSTANTIAL AND IS, I BELIEVE, IN THE SAME RANGE. IT MAY ACTUALLY ULTIMATELY WIND UP BEING A BIT LONGER THAN THE PAGE LIMITS THAT WE'RE PROPOSING HERE. AND IT'S DIFFICULT FOR US TO KNOW EXACTLY HOW MANY PAGES WE WILL NEED.

I CAN REPRESENT THAT I PERSONALLY PREFER SHORTER BRIEFS AND WE CAN DO EVERYTHING THAT WE POSSIBLY CAN TO STREAMLINE THE BRIEFING.

BUT THE ISSUES RAISED IN THIS LAWSUIT, AS THE COURT IS AWARE, ARE SUBSTANTIAL AND OUR PREFERENCE WOULD BE TO HAVE THE COURT ENTER THE PAGE LIMITS AS THE PARTIES HAVE PROPOSED, AND IF WE COME IN UNDER THEM, YOU KNOW, WE WILL DO OUR BEST TO DO SO.

BUT IF WE ULTIMATELY NEED THOSE PAGES, IT WOULD BE EFFICIENT TO NOT HAVE TO GO BACK AND REQUEST AN EXTENSION OF THE PAGE LIMITS IN THESE CASES.

THE COURT: YOU KNOW, IN THE -- THE NEW YORK BRIEFS HAVE -- THIS IS GOING TO SOUND QUITE PETTY -- BUT THEY HAVE 22 LINES. OUR BRIEFS HAVE, LIKE, AT LEAST 28 TO 30 LINES. NOW, GRANTED, THE FONT MIGHT BE BIGGER. BUT I FEEL LIKE WE GET MORE THAN A COUPLE OF PARAGRAPHS PER PAGE IN OUR BRIEFS.

MR. ROSENBERG: CAN WE USE GARAMOND FONT, YOUR HONOR?

(LAUGHTER.)

THE COURT: I -- WELL, I -- I'D LIKE AT LEAST SOME REDUCTION. WHAT ABOUT 45 PAGES FOR YOUR -- I MEAN, I UNDERSTAND WHAT YOU'RE SAYING, THAT THE STANDING AND JUSTICIABILITY ARGUMENTS MAY APPLY TO ALL OF THE PLAINTIFFS' CAUSES OF ACTION.

BUT AT THIS POINT I WOULD PREFER JUST TO APPLY THEM TO THE CAUSES OF ACTION THAT ARE THE SUBJECT OF THESE MOTIONS JUST BECAUSE THIS IS GOING TO BE, YOU KNOW, QUITE A FULSOME TASK AS IT IS, AND THEN TRYING TO COORDINATE WITH TWO OTHER JUDGES, IT'S JUST GOING TO BE A TIME CONSUMING AND COMPLICATED PROCESS. SO TO THE EXTENT WE CAN STREAMLINE IT, IT WOULD BE MUCH APPRECIATED.

I UNDERSTAND THAT YOU'RE SAYING, THOUGH, THAT THERE CLEARLY COULD BE -- THE SAME RULING MAY APPLY TO EVERYTHING, BUT I'D PREFER TO JUST DEAL WITH THAT AT A LATER TIME.

MR. ROSENBERG: AND WE USED THE 45 PAGES, YOUR HONOR, BECAUSE THAT IS THE DEFAULT PAGE LIMIT IN THE DISTRICT COURT IN THE DISTRICT OF COLUMBIA. SO IF THAT IS WHAT THE COURT WISHES TO ENTER FOR OUR RESPONSIVE -- FOR OUR DISPOSITIVE MOTION AND CROSS MOTION AND RESPONSE TO PLAINTIFFS' MOTION, THEN WE WOULD BE AMENABLE TO THAT.

THE COURT: ALL RIGHT. THANK YOU. THANK YOU.

OKAY. THEN I'D LIKE TO -- SO WE NORMALLY HAVE 15 PAGES FOR REPLIES. THAT'S OUR CIVIL LOCAL RULES. SO, I MEAN, YOU ALL STIPULATED TO THESE EXPANDED PAGE LIMITS, SO I DON'T WANT TO -- I WANT TO HONOR THAT TO THE EXTENT THAT I CAN, BUT I'D LIKE TO CUT THAT AT LEAST, WHAT ABOUT 15 TO 20 PAGES?

MR. ROSENBERG: SO 45 PAGES FOR DEFENDANTS' OPENING BRIEF AND 25 PAGES FOR THE RESPONSE? FOR THE REPLY? FOR THE REPLY, YOUR HONOR?

THE COURT: NO. I SAID 15 TO 20. WE NORMALLY, IN OUR DISTRICT, GIVE 15 PAGES FOR A REPLY BRIEF ON SUMMARY JUDGMENT. SO -- BUT I ASSUME THIS IS A REPLY BRIEF FOR A MOTION TO DISMISS, SO THE SAME 15 PAGE LIMIT WOULD APPLY.

BUT, YOU KNOW, IF YOU WOULD -- WOULD YOU BE AMENABLE TO CUTTING THAT -- I MEAN, THEY'VE CUT THEIRS DOWN TEN PAGES.

MR. ROSENBERG: AND IF WE COULD HAVE 20 PAGES FOR THE REPLY? I THINK BECAUSE WE ARE TECHNICALLY REPLYING IN TWO SEPARATE CASES -- I REALIZE IT'S CONSOLIDATED BRIEFING, BUT THESE ARE COMPLICATED ISSUES. IF WE SHAVE FIVE PAGES OFF OF

OUR OPENING BRIEF AND FIVE PAGES OFF OF OUR REPLY, THAT WOULD CUT US DOWN BY TEN PAGES.

THE COURT: ANY OBJECTION FROM THE PLAINTIFFS? THEY'LL GET TEN MORE PAGES THAN YOU ON THEIR OPENING BRIEFS AND FIVE MORE PAGES THAN YOU ON THEIR RESPONSIVE BRIEFS.

MR. BRESS: I'M SORRY, YOUR HONOR. HOW LONG WOULD OUR RESPONSIVE BRIEF BE? I'M JUST TRYING TO FOLLOW THE BACK AND FORTH.

THE COURT: UH-HUH. WELL, YOU SAID 25 PAGES. DO YOU NOT WANT TO CUT IT BY TEN AND -- YOU DON'T WANT TO CUT IT BY TEN PAGES?

MR. BRESS: YOU MEAN TAKE 25 DOWN TO 15? I DON'T THINK SO, YOUR HONOR.

THE COURT: NO. YOU HAD 35 IN YOUR JOINT CASE MANAGEMENT STATEMENT AND HAD JUST SAID 25. IF YOU WANT TO -- DO YOU WANT TO JUST SAY 30 AND EACH OF YOU JUST CUT IT BY FIVE PAGES?

MR. BRESS: IN OTHER WORDS, WE WOULD BE AT 35 FOR OUR INITIAL AND 25 FOR OUR RESPONSE STILL?

THE COURT: NO. YOU COULD DO 35 AND 30, AND THEY WOULD --

MR. BRESS: THAT WOULD BE LOVELY.

THE COURT: BASICALLY EVERYONE IS GOING DOWN FIVE PAGES.

MR. BRESS: THAT WOULD BE LOVELY, YOUR HONOR, AND IF

WE CAN WRITE A SHORTER -- IF WE CAN WRITE A SHORTER BRIEF, WE WILL ABSOLUTELY DO THAT.

THE COURT: OKAY. SO THEN THE PLAINTIFFS' INITIAL BRIEF IS 35 PAGES INSTEAD OF 40; THE DEFENDANTS' INITIAL BRIEF IS 45 PAGES INSTEAD OF 50; THE PLAINTIFFS' REPLY BRIEF IS 30 PAGES INSTEAD OF 35; AND THE DEFENDANTS' REPLY BRIEF IS 20 PAGES INSTEAD OF 25. SO EVERYONE JUST ACROSS THE BOARD HAS AGREED TO A FIVE PAGE REDUCTION. OKAY?

ALL RIGHT. THANK YOU ALL.

OKAY. THEN I -- I THINK THIS SHOULD BE DEALT WITH SOONER, ALTHOUGH HOW IS THIS GOING TO PLAY OUT WITH THE OTHER CASE? I MEAN IN TERMS OF THE SCHEDULE? YOU'RE VERY CLOSE IN TERMS OF YOUR DEADLINE. DO YOU WANT THE EARLIER -- DO THE PLAINTIFFS STILL WANT THE EARLIER DATES?

MR. BRESS: WE DO, YOUR HONOR.

THE COURT: OKAY.

MR. WISE: AND FOR CALIFORNIA, WE DO AS WELL. WE THINK IT'S GOING TO TAKE, YOU KNOW, A FAIR AMOUNT OF TIME FOR THE COURT TO --

THE COURT: ISSUE A RULING?

MR. WISE: -- ISSUE RULINGS, AND THEN IN CASE WE GO UP TO THE SUPREME COURT POTENTIALLY.

THE COURT: OKAY.

MR. ROSENBERG: YOUR HONOR, JUST SO THAT I CAN BE HEARD ON THIS, I REALIZE THAT PLAINTIFFS HAVE A DESIRE TO HAVE

THIS CASE BE RESOLVED EXPEDITIOUSLY.

I WILL SAY, AS A GENERAL MATTER, THE GOVERNMENT DOES NOT BELIEVE THAT THIS ISSUE NEEDS TO BE RESOLVED ON AN EXPEDITED BASIS. TYPICALLY THESE TYPES OF CHALLENGES ARE BROUGHT POST-APPORTIONMENT.

BUT SETTING THAT ASIDE FOR A MOMENT, THE GOVERNMENT IS MERELY REQUESTING FOUR EXTRA DAYS FOR ITS RESPONSIVE BRIEF AND THREE EXTRA DAYS FOR ITS REPLY. IT'S A SMALL DELTA BETWEEN THE PARTIES, BUT IT'S A SIGNIFICANT ONE NOT ONLY IN LIGHT OF THE FACT THAT WE LOSE A DAY DUE TO THE LABOR DAY HOLIDAY DURING THE INTERVENING TIME -- ALTHOUGH PERHAPS DURING COVID TIMES, WEEKENDS AND HOLIDAYS DON'T MATTER AS MUCH -- BUT ALSO IN LIGHT OF OUR NEED TO GET CLEARANCE ON FILINGS, AND ALSO THERE ARE MULTIPLE OTHER LAWSUITS WHERE WE ARE TRYING TO WORK ON BRIEFING SCHEDULES WHERE MANY OF THESE ISSUES WILL BE BRIEFED AT THE SAME TIME, AND WHILE ON THE ONE HAND THAT MAY INCREASE EFFICIENCY, ON THE OTHER HAND, THOSE TYPES OF DUPLICATIVE EFFORTS ALSO TEND TO ADD TO OUR BURDEN.

AND SO WE HAVE A VERY MODEST REQUEST FOR A FEW EXTRA DAYS ON OUR BRIEFS THAT WE HOPE THE COURT WOULD ENTERTAIN.

MR. BRESS: AND, YOUR HONOR, I GUESS OUR VIEW, IN SOME SENSE MIRRORING THE GOVERNMENTS' REQUEST, OR AT LEAST PART OF THE DISCUSSION, IS THAT THE GOVERNMENT WILL HAVE BRIEFED THIS ISSUE MULTIPLE TIMES. I MEAN, THEY'VE ALREADY DONE IT IN NEW YORK. THEY'VE GOT THE BRIEF WRITTEN. IT'S A MATTER OF,

YOU KNOW, ALTERING SOME OF THE ARGUMENTS TO MODIFY TO ADDRESS PRECISELY WHAT WE'RE ARGUING ON THE OTHER SIDE.

IT'S NOT AS THOUGH THEY'RE DRAFTING FROM SCRATCH. SO WE REALLY DON'T SEE WHY THEY NEED ADDITIONAL TIME, AND TIME TRULY IS OF THE ESSENCE HERE.

MR. WISE: IF I COULD JUST ADD, ONE DISTINCTION BETWEEN OUR MOTION AND THE MOTION FILED IN NEW YORK, AS WELL AS THE ONE I UNDERSTAND THAT WAS FILED IN MARYLAND, IS THAT WE'RE NOT MOVING FOR PRELIMINARY INJUNCTION IN THE ALTERNATIVE, SO THAT SHOULD ALSO CUT DOWN ON THE GOVERNMENT'S BURDEN HERE.

AND I BELIEVE OUR BRIEFING SCHEDULE IS MORE GENEROUS THAN THE ONE ENTERED CERTAINLY IN NEW YORK, AND WHAT I WOULD EXPECT TO SEE IN MARYLAND AS WELL.

THE COURT: OKAY. ALL RIGHT. WELL, THE OCTOBER 8TH DATE WORKS FOR MY SCHEDULE, SO I'M GOING TO ADOPT THE PLAINTIFFS' PROPOSAL OF AUGUST 27TH FOR THEIR BRIEF; SEPTEMBER 10TH FOR THE GOVERNMENT'S BRIEF; SEPTEMBER 21 FOR THE PLAINTIFFS' BRIEF; SEPTEMBER 28TH FOR THE DEFENDANTS' BRIEF; AND OCTOBER 8TH FOR THE HEARING.

I WILL TRY TO MAKE THE REQUEST OF CHIEF JUDGE THOMAS AS QUICKLY AS POSSIBLE, HOPEFULLY TODAY, FOR THE SELECTION OF A THREE JUDGE PANEL, AND OBVIOUSLY THAT OCTOBER 8TH DATE MAY NEED TO BE MOVED ANYWAY BASED ON THE AVAILABILITY OF THE OTHER JUDGES WHO ARE SELECTED.

WHAT ELSE DO WE NEED TO HANDLE TODAY? ANYTHING ELSE? OR

DO WE NEED TO -- I DON'T THINK WE NEED ANY KIND OF INTERIM CMC BEFORE THE HEARING DATE.

MR. WISE: YOUR HONOR, IF I COULD JUST CLARIFY, OUR REQUEST, AS THE CALIFORNIA PLAINTIFFS, IS FOR A THREE JUDGE PANEL. WE JUST DIDN'T KNOW IF WE NEEDED TO PUT THAT INTO WRITING IN SOME FORMAT OR ANOTHER, OR IF IT'S CLEAR ENOUGH BY REQUESTING THAT NOW AND INDICATING IN THE STATUS CONFERENCE STATEMENT THAT WE'D LIKE ONE, OR WHETHER THERE'S ANYTHING ELSE WE WOULD NEED TO DO.

THE COURT: WELL, SINCE ALL THE PARTIES ARE IN AGREEMENT THAT THAT'S APPROPRIATE -- I THINK TIME IS OF THE ESSENCE BECAUSE THIS IS AN EXPEDITED SCHEDULE AND TIME IS OF THE ESSENCE, SO I DIDN'T THINK ANYTHING ELSE WAS NECESSARY. I THOUGHT I COULD GO AHEAD AND ISSUE AN ORDER TO CHIEF JUDGE THOMAS REQUESTING THE APPOINTMENT OF TWO MORE JUDGES.

I DON'T KNOW -- LET ME HEAR FROM THE PARTIES. DOES YOUR RESEARCH INDICATE THAT SOME KIND OF FORMAL REQUEST NEEDS TO BE MADE BY THE PARTIES? OR IS IT SUFFICIENT THAT ALL PARTIES IN A JOINT CASE MANAGEMENT STATEMENT HAVE ALL AGREED THAT THAT ACTION IS APPROPRIATE?

LET ME HEAR FROM MR. ROSENBERG FIRST. DO YOU THINK WE NEED ANY FORMAL -- I'M GOING TO DEFER TO ALL OF YOUR EXPERTISE ON THIS, ON THESE ISSUES, BOTH FACTUAL AND LEGAL.

DO I NEED ANYTHING FURTHER? OR CAN I JUST GO AHEAD AND

MAKE THE REQUEST?

MR. ROSENBERG: YOUR HONOR, THIS IS BRAD ROSENBERG FROM THE DEPARTMENT OF JUSTICE.

MY UNDERSTANDING IS THAT IF THE COURT BELIEVED THAT A THREE JUDGE PANEL IS APPROPRIATE UNDER THESE CIRCUMSTANCES, THEN IT CAN MAKE THE REQUEST AND NOTHING FURTHER WOULD BE REQUIRED OF THE PARTIES.

THE COURT: ALL RIGHT. ANY DISAGREEMENT?

THANK YOU.

ANY DISAGREEMENT FROM MR. BRESS OR MR. WISE? MR. BRESS?

MR. BRESS: NO DISAGREEMENT, YOUR HONOR.

TO THE EXTENT THAT A REQUEST IS REQUIRED, WE'VE OF COURSE MADE ONE IN OUR FIRST AMENDED COMPLAINT.

THERE ARE COURTS AROUND THE COUNTRY THAT HAVE IN THEIR LOCAL RULES PARTICULAR REQUIREMENTS FOR NOTIFYING A COURT, BUT I THINK THOSE ARE IN THE NATURE OF JUST ENSURING THAT A REQUEST FOR A THREE JUDGE COURT DOESN'T GET LOST OTHERWISE. I DON'T THINK IT'S STATUTORILY REQUIRED.

MR. WISE: AND WE AGREE FOR THE CALIFORNIA PLAINTIFFS THAT WHAT'S BEEN DONE IS SUFFICIENT. WE JUST WANTED TO CONFIRM WITH THE COURT. THANK YOU.

THE COURT: ALL RIGHT. THANK YOU. I'LL TRY TO MOVE ON THAT AS QUICKLY AS I CAN.

WHAT ELSE? ANYTHING ELSE THEN FOR TODAY?

MR. BRESS: NOTHING FROM THE SAN JOSE PLAINTIFFS,

YOUR HONOR. WE APPRECIATE YOUR TIME.

MR. WISE: NO, YOUR HONOR. THANK YOU.

THE COURT: MR. ROSENBERG?

MR. ROSENBERG: NOTHING FROM THE UNITED STATES, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU ALL VERY MUCH. TAKE CARE OF YOURSELVES. STAY HEALTHY AND WE'LL SEE YOU SOMETIME IN OCTOBER, IF NOT SOONER.

THANK YOU. OKAY. THANK YOU.

MR. BRESS: THANK YOU.

MR. ROSENBERG: THANK YOU, YOUR HONOR.

THE CLERK: THANK YOU. COURT ADJOURNED.

(THE PROCEEDINGS WERE CONCLUDED AT 11:37 A.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF ZOOM PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

Lee-Anne Shortridge

LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED: AUGUST 26, 2020